UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 05-80955-41

MARLON WELCH,                            HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING PETITIONER'S MOTION TO REOPEN THE TIME TO FILE AN APPEAL (Doc. 1530)

I.

This is a criminal case. In 2007, defendant plead guilty under a Rule 11 agreement to one count of conspiracy to distribute a controlled substance and conspiracy to launder money. At the time, defendant's estimated guideline range was 210 - 262 months. Defendant was sentenced to 135 months based on the Court's finding that the guidelines range was 135 - 168 months, having concluded defendant's criminal history was overstated. Defendant did not appeal.

Thereafter, in 2015, defendant filed a motion for a sentence reduction under 18 U.S.C. § 3582 based on amendments to the crack cocaine guidelines. (Doc. 1507). The Court denied the motion. (Doc. 1514). Defendant did not appeal.

In November 2016, defendant filed a second motion under § 3582 based on the amendments to the crack cocaine guidelines. (Doc. 1519). The Court denied the motion in an order dated February 3, 2016. (Doc. 1529).

Before the Court is a letter requesting an "out of time appeal" so he may appeal

the denial of his second motion under § 3582. The Court construes the letter as a motion to reopen the time for filing a notice of appeal. For the reasons that follow, the motion is DENIED.

## II.

### A.

Fed. R. App. P. 4(a)(1) (b) states that a notice of appeal must be filed in a criminal case within sixty (60) days of the entry of the judgment or order from which the appeal is taken. It is clear that defendant did not file a notice of appeal within 60 days of the Court's February 3, 2016 order.

### B.

However, the rule also provides grounds for extending the time in which to file a notice of appeal. Under Fed. R. App. P. 4(a)(5)(A), a district court may extend the time to file a notice of appeal if:

> (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) . . . that party shows excusable neglect or good cause.

Also under Rule 4(a)(5), no extension may exceed the later of 30 days after the initial appeal time has expired, or 14 days after the date the order granting an extension is entered. See Fed. R. App. P. 4(a)(5)(C).

Here, the Court's last order was filed on February 3, 2016. Defendant had 60 days, or until April 3, 2016, in which to file a notice of appeal. Under Rule 4(a)(5)(A), Petitioner had another 30 days, or until May 3, 2016, to file for an extension of time to file an appeal. Defendant's letter motion is dated July 22, 2016. This is well beyond the

30 days after the expiration of the appeal time. Thus, defendant is unable to obtain an extension of the time to file an appeal under Rule 4(a)(5).

Under Fed. R. App. P. 4(a)(6), a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. See Bowles v. Russell, 432 F.3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. See Martin v. Straub, 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Here, defendant says he did not receive timely notice of the Court's February 3, 2016 order. Defendant says he did not receive a copy of the Court's order until "May 2016." Accepting defendant's statement as true, he still has not satisfied Rule 4(a)(6)'s requirements. Under subsection (B), the motion must be filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier. Defendant did not file his motion within 7 days of "May 2016." Because defendant filed his motion beyond the 7 day time limit, the Court

cannot extend the time for filing an appeal.  See <u>United States v. Personal Property Seized From D.C. Cycle Shop</u>, 229 F.3d 1155, 2000 WL 1175643 (6th Cir. 2000).

 SO ORDERED.

             <u>S/Avern Cohn</u>
             AVERN COHN
             UNITED STATES DISTRICT JUDGE

Dated: August 10, 2016
   Detroit, Michigan